UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-61058-CIV-GAYLES/SELTZER

MICHELLE SMITH,

        Plaintiff,

v.

TEVA PHARMACEUTICALS USA, INC.
and TEVA PHARMACEUTICAL
INDUSTRIES LIMITED,

        Defendants.
                                         /

## ORDER

**THIS CAUSE** comes before the Court on Defendant Teva Pharmaceutical Industries Limited's Motion to Dismiss for Lack of Personal Jurisdiction [ECF No. 20] ("Motion"). The Court has carefully reviewed the submissions of the parties and applicable law and is otherwise fully advised. For the reasons that follow, the Motion is granted.

**I.    BACKGROUND**

Between 2003 and 2013, Plaintiff Michelle Smith ("Plaintiff") took the oral contraceptives Seasonique and Seasonale. On June 1, 2013, she was admitted to a clinic complaining of severe abdominal pain. Tests revealed that Plaintiff had multiple hepatic adenomas—tumors on the liver. One of these tumors, which was approximately the size of a football, ruptured and required surgical removal. Plaintiff alleges ongoing physical pain and mental anguish, as well as permanent abdominal scarring. Her Complaint asserts four causes of action: (1) products liability for defective design, (2) products liability for failure to warn, (3) negligence, and (4) negligent failure to warn.

The Complaint alleges that both Teva Pharmaceuticals USA, Inc. ("Teva USA") and Teva Pharmaceutical Industries Limited ("Teva Industries") are "in the business of designing, creating, manufacturing, assembling, testing, labeling, supplying, packaging, warning, promoting, marketing, developing, selling and/or distributing the pharmaceutical drugs Seasonique and Seasonale." Teva USA is a corporation organized under the laws of Delaware with a principal place of business in Pennsylvania, while Teva Industries is a foreign company organized under the laws of Israel with a principal place of business in Israel. The parties agree that Teva USA is a wholly owned subsidiary of Teva Industries.

Teva USA answered the Complaint on June 23, 2017. [ECF No. 8]. Teva Industries separately answered on August 31, 2017, but expressly reserved the defense of absence of personal jurisdiction. [ECF No. 14].[1] On October 20, Teva Industries moved to dismiss the suit against it based on the absence of personal jurisdiction. [ECF No. 20].[2] Teva Industries argues that it "has no connection to or presence in Florida, either in relation to this suit or generally" and that it "was not involved in designing, creating, manufacturing, assembling, testing, labeling, supplying, packaging, warning, promoting, marketing, developing, selling and/or distributing Seasonique or Seasonale anywhere in the United States." [*Id.* at 2]. Teva Industries attaches a declaration by its Senior Vice President, General Counsel-Corporate, and Company Secretary, Dov Bergwerk, attesting that Teva Industries has no place of business or designated agent in Florida, "has not directed any advertising of Seasonale® or Seasonique® specifically toward Florida res-

---

[1] In a footnote to its Answer, Teva Industries writes, "Teva Pharmaceuticals Industries Ltd. is filing this answer to preserve all available defenses, but it is not subject to personal jurisdiction in this case and will be seeking dismissal by motion premised on the absence of personal jurisdiction if it is not dismissed by agreement." [ECF No. 14, at 1].

[2] Because Teva Industries made only a constitutional due process argument against the exercise of personal jurisdiction, the Court required supplemental briefing on the antecedent question of jurisdiction under Florida's long-arm statute. [ECF Nos. 23, 24, 26, & 27].

idents," and has never "manufactured, sold or distributed Seasonale® or Seasonique® in Florida or anywhere else in the United States." [ECF No. 20-1, at 2].

## II. LEGAL STANDARD

A federal court sitting in diversity undertakes a two-step inquiry in determining whether personal jurisdiction over a nonresident defendant exists. First, the court must determine whether the exercise of jurisdiction is appropriate under the relevant state's long-arm statute. *Internet Solutions Corp. v. Marshall*, 557 F.3d 1293, 1295 (11th Cir. 2009). If there is a statutory basis for jurisdiction, the court must then determine whether the exercise of jurisdiction over the defendant would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Id.*

"A plaintiff seeking to establish personal jurisdiction over a nonresident defendant 'bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction.'" *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013) (quoting *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009)). Once the plaintiff satisfies this initial burden, the burden shifts to the defendant. Where a defendant challenges jurisdiction in a motion to dismiss and submits evidence in support of its position, as Teva Industries does here, "the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction." *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir. 2002).[3]

---

[3] The burden "does not shift back to the plaintiff," however, "when 'the defendant's affidavits contain only conclusory assertions that the defendant is not subject to jurisdiction.'" *Louis Vuitton*, 436 F.3d at 1350 (quoting *Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1360 (11th Cir. 2006)).

## III.  DISCUSSION

Pursuant to Florida's long-arm statute, a person submits themselves to the jurisdiction of Florida courts by (1) operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state; (2) committing a tortious act within this state; or (3) owning, using, possessing, or holding a mortgage or other lien on any real property in this state. Fla. Stat. § 48.193(1)(a)(1)–(3). Additionally, a "defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity." *Id.* § 48.193(2).

In its supplemental filing in support of its Motion, Teva Industries asserts that it is not subject to personal jurisdiction under Florida's long-arm statute and submits the declaration of Bergwerk as evidence in support of its contention. According to the declaration, Teva Industries is and has always been a corporation organized and existing under the laws of Israel with its principal place of business in Petah Tikva, Israel. Bergwerk Decl. ¶¶ 2–3. It has never been registered to do business in Florida, has no office or other facility in Florida, and maintains no telephone or mailing address in the state. *Id.* ¶¶ 4–6. It has not consented to service of process in Florida at any time and has no agent in the state for that purpose. *Id.* ¶ 7. It does not own, lease, possess, or maintain any real or personal property in the state, nor does it maintain a place of business in the state. *Id.* ¶ 8. Finally, it has never directed advertising of the contraceptive drugs Seasonale or Seasonique to Florida residents, nor has it ever held a United States New Drug Application for Seasonale or Seasonique, or manufactured, sold, or distributed the drugs anywhere in the United States. *Id.* ¶¶ 9–10.

Based on its review of the foregoing, the Court finds that Teva Industries has submitted sufficient evidence to satisfy its burden to show that the exercise of jurisdiction here is not appropriate under Florida's long-arm statute. Teva Industries' submission shows that it does not engage in substantial activity in Florida, does not conduct any business in Florida, owns no real property in Florida, and—by virtue of having no contact whatsoever with the state—could not have committed a tortious act here. *Cf.* Fla. Stat. §§ 48.193(1)(a)(1)–(3), 48.193(2).

Because Teva Industries has met its burden, the burden to produce evidence supporting jurisdiction shifts back to Plaintiff. *See Meier*, 288 F.3d at 1269. In support of jurisdiction, Plaintiff relies on two letters—one dated June 19, 2017, the other dated July 20, 2017—sent to Plaintiff's counsel regarding investigation and FDA reporting of Plaintiff's complaint. *See* Pl.'s Resp. in Opp., Exs. 1 & 2. The letters are both sent on "Teva Pharmaceutical Industries, Ltd." letterhead. Thus, Plaintiff argues, "Teva Industries' active attempt to fulfill its FDA reporting requirements on a Florida-injury belies its no-contacts, no-responsibility claims." *Id.* at 5.

The Court agrees with Teva Industries that this evidence is insufficient to meet Plaintiff's burden. As a preliminary matter, these letters post-date the filing of the lawsuit by two and three months, respectively, and thus do not adequately address this Court's jurisdiction over Teva Industries at the time of filing. But even more significantly, the content of the letters makes clear that they were sent by Teva USA and relate to Teva USA's—*not* Teva Industries'—FDA reporting requirements. *See id.* Ex. 1 ("Teva USA is required to report safety information to the Food and Drug Administration (the 'FDA'), and both we and the FDA are required to protect confidentiality."); *see also id.* Ex. 2 ("Teva USA would like to request permission and contact information for Michelle Smith's physician in order to obtain the medical information necessary to conduct a full

and complete evaluation. Would you please provide us with the physician's name and address, and obtain Michelle Smith's consent to do so, by completing the bottom portion of this letter.").

Therefore, the Court cannot find that Plaintiff has met her burden to rebut the evidence offered by Teva Industries that it is not subject to this Court's jurisdiction.

## IV. CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** that Teva Industries' Motion to Dismiss for Lack of Personal Jurisdiction [ECF No. 20] is **GRANTED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 24th day of January, 2018.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE